Bryan J. Ure, Esq.
Nevada Bar No. 11004
bure@murchisonlaw.com
Tyler N. Ure, Esq.
Nevada Bar No. 11730
ture@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
350 S. Rampart Blvd., Suite 320
Las Vegas, Nevada 89145
Telephone: (702) 360-3956
Facsimile: (702) 360-3957

Attorneys for Plaintiff,
GATEWAY INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GATEWAY INSURANCE COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLUE DESERT, LLC d/b/a VIRGIN VALLEY TAXI, a domestic corporation; SEWEBESEW HUNEGNAW, an Individual; DIMITRIOS ROUMELIOTIS, an individual, and DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive;<br><br>Defendants. | CASE NO. 2:26-cv-02088-APG-NJK<br><br>**PLAINTIFF GATEWAY INSURANCE COMPANY'S MOTION TO EXTEND TIME FOR SERVICE** |

Plaintiff, GATEWAY INSURANCE COMPANY, by and through its attorneys of record, Murchison & Cumming, LLP, hereby moves for an extension of time in which to serve Defendant Sewebesew Hunegnaw. This motion is made and based on the following declaration of Tyler N. Ure, the memorandum of points and authorities, the papers and pleading on file herein, and any oral argument before the Court.

# DECLARATION OF TYLER N. URE

I, Tyler N. Ure, declare and state:

I am an attorney-at-law licensed to practice in the State of Nevada and I am an associate partner with Murchison & Cumming, LLP, counsel of record herein for Plaintiff, GATEWAY INSURANCE COMPANY. I am one of the attorneys at our firm responsible for handling this matter on behalf of Plaintiff, GATEWAY INSURANCE COMPANY, and, on this basis, and upon such other bases set forth below, I have personal knowledge of the matters set forth in this Declaration, except where stated on information and belief, and could and would competently testify to them under oath if called as a witness.

1. The Complaint in this matter was filed on July 9, 2026.

2. On or about August 6, 2026, Defendant Blue Desert, LLC dba Virgin Valley Taxi ("Blue Desert") agreed to a waiver of the service of the summons.

3. Blue Desert filed its answer on October 2, 2026.

4. Multiple attempts to serve process on Hunegnaw have been made. In particular, a licensed process server attempted service at 6885 Philharmonic Avenue, Las Vegas, Nevada 89139 on July 11, 2026, July 12, 2026, and July 19, 2026. During each of those attempts, there was no answer at the door. Service was again attempted on July 27, 2026 at the same address. At that time, the current residence answered the door and informed the process server that Hunegnaw no longer resided at that address. Plaintiff is continuing its efforts to identify a new address for attempted service.

5. Plaintiff acted promptly to serve Roumeliotis. Plaintiff worked to verify a good address for service, identified a possible address, and engaged a licensed process server, who attempted service on October 6, 2026. Roumeliotis was served on October 7, 2026, before the Rule 4(m) deadline expired.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 7th day of October, 2026, at Las Vegas, Nevada.

*/s/ Tyler N. Ure*
Tyler N. Ure

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND FACTUAL BACKGROUND

This is an insurance declaratory relief arising from a physical altercation that took place between Sewebesew Hunegnaw and Dimitrios Roumeliotis after they exited their vehicles in a taxi-stand. Hunegnaw is an employee of Blue Desert, LLC dba Virgin Valley Taxi ("Blue Desert").

Blue Desert is an insured under a Business Auto Policy issued by Plaintiff. While the present controversy is primarily a dispute between Blue Desert and Plaintiff whether the applicable insurance policy provides coverage for the underlying incident, Plaintiff named Hunegnaw and Roumeliotis as defendants as they have an interest in the outcome of the controversy.

Blue Desert agreed to waive service, and filed its answer on October 2, 2026. Roumeliotis was served on October 7, 2026. Plaintiff's efforts to serve Hunegnaw are ongoing. An extension of time to allow Plaintiff to continue its efforts to serve process will not prejudice any of the Defendants considering the early stage of litigation. Further, it will allow all disputes regarding the policy as it relates to the underlying incident to be litigated in the same case, promoting judicial economy.

## II.

## ARGUMENT

Plaintiff respectfully requests a limited extension of the Rule 4(m) service deadline before that deadline expires. Plaintiff has acted diligently to effect service and seeks additional time solely to complete service on the one remaining Defendant, Hunegnaw. Granting the requested extension will permit Plaintiff to complete service without further delay, avoid unnecessary motion practice, and promote the efficient resolution of all issues arising from the underlying incident in a single action.

Fed. R. Civ. P. 4(m) provides that

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Complaint was filed on July 9, 2026. Pursuant to Rule 4(m), the deadline for service is October 7, 2026. Plaintiff respectfully requests that the Court extend the deadline for service by 90 days, through and including January 5, 2027.

Plaintiff has diligently and in good faith pursued service upon the Defendants. On August 6, 2026, Plaintiff filed a Waiver of the Service of the Summons [Doc. 5] executed by counsel for Blue Desert. Blue Desert subsequently filed its Answer on October 2, 2026. Plaintiff has therefore successfully obtained a waiver of service from Blue Desert, and the coverage dispute is proceeding in this action. Plaintiff also served Roumeliotis on October 7, 2026, within the Rule 4(m) period. Hunegnaw is the only Defendant who remains to be served.

**A. <u>Plaintiff Has Demonstrated Good Cause for an Extension as to Hunegnaw</u>.**

Plaintiff made three separate attempts to effect personal service on Hunegnaw on July 11, 2026, July 12, 2026, and July 19, 2026. Each attempt was unsuccessful. Following another attempt on July 27, 2026, Plaintiff's process server learned by speaking with a resident at the service address that Hunegnaw no longer resides at that location.

Plaintiff has continued efforts to identify a current address for Hunegnaw and is working with a licensed process server to locate a valid service address and effect service as soon as practicable.

These circumstances establish good cause for an extension of time to serve Hunegnaw. District courts within the Ninth Circuit have recognized that good cause under Rule 4(m) is generally associated with diligence and may be established where a plaintiff has made unsuccessful attempts to effect service. *See C.B. Fleet Co., Inc. v. Bowker*, No. 2:12-cv-00636-MMD-CWH, 2013 WL 164271, at *2 (D. Nev. Jan. 14, 2013).

Plaintiff made repeated attempts at service and, after learning that Hunegnaw had moved from the identified address, continues to pursue a valid address at which service could be accomplished. A limited extension is therefore warranted to allow Plaintiff to complete those ongoing efforts.

**B. <u>Plaintiff Has Acted in Good Faith in Serving All Defendants</u>.**

Plaintiff's conduct throughout this case reflects good faith. Plaintiff obtained a waiver of service from Blue Desert and made repeated attempts to serve Hunegnaw. As to Roumeliotis, Plaintiff reviewed available public records to identify a reliable address, engaged a licensed process server, and completed service on October 7, 2026, before the Rule 4(m) deadline ran. Plaintiff brings this motion for the same reason: to ensure the one remaining Defendant is served properly, while the Rule 4(m) period remains open.

Even absent good cause, the Ninth Circuit has held that Rule 4(m) permits a district court to grant an extension. *Lemoge v. United States*, 587 F.3d 1188, 1198–99 (9th Cir. 2009); *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). In exercising that discretion, courts may consider factors including prejudice to the defendant, actual notice of the lawsuit, and the eventual completion of service. *Efaw*, 473 F.3d at 1041.

The requested extension will not prejudice Defendants. The action remains at an early stage, and Blue Desert has already appeared and answered. Plaintiff seeks only an additional 90 days to complete service upon the one remaining Defendant. By contrast, denying the requested extension could unnecessarily require Plaintiff to pursue claims concerning the same underlying incident in a separate proceeding, potentially resulting in duplicative litigation and inconsistent proceedings concerning issues arising from the same occurrence.

Those considerations favor an extension here. Plaintiff has acted in good faith and is continuing its efforts to serve Hunegnaw. The requested extension is limited to 90 days, and there is no indication that it will prejudice Hunegnaw. Plaintiff seeks the extension while the Rule 4(m) period remains open so that service can be completed without further motion practice.

## III.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court extend the deadline to serve Defendant Hunegnaw by 90 days, through and including January 5, 2027.

DATED: October 7, 2026

**MURCHISON & CUMMING, LLP**

By *<u>/s/ Tyler N. Ure</u>*

Bryan J. Ure, Esq.
Nevada Bar No. 11004
Tyler N. Ure, Esq.
Nevada Bar No. 11730
350 South Rampart Boulevard, Suite 320
Las Vegas, Nevada 89145
Attorneys for Plaintiff,
GATEWAY INSURANCE COMPANY

IT IS SO ORDERED.
Dated: October 13, 2026

.
.

______________________________
Nancy J. Koppe
United States Magistrate Judge